[Sac. No. 152. In Bank.—June 15, 1898.]

H. AVAKIAN et al., Respondents, v. GEORGE B. NOBLE et al., Appellants.

TRESPASS — OPPRESSION — EXEMPLARY DAMAGES — PLEADING — CERTAINTY — WAIVER OF OBJECTION.—A complaint alleging a forcible and oppressive trespass should allege specifically and with certainty the circumstances showing oppression or malice in the doing of the act complained of, in order to entitle the plaintiff to damages in excess of the actual value of the property taken; but where the facts were alleged in general terms, and no demurrer was interposed for uncertainty or ambiguity, and it appears from the record on appeal that the trial proceeded upon the theory that the complaint was

sufficient to bring the case within the provisions of section 3294 of the Civil Code, and that evidence was admitted without objection showing the circumstances of aggravation under which the property was taken, after a verdict in favor of the plaintiff for exemplary damages, all intendments are in favor of the sufficiency of the complaint, and objection to its sufficiency cannot be raised upon appeal for the first time.

ID.—OPPRESSIVE AND MALICIOUS TRESPASS OF AGENT—RATIFICATION.—Where the circumstances show that a wanton, forcible, oppressive, and malicious trespass was committed by the agent of the defendant in seizing the property of the plaintiff, to which defendant had no right of possession, and that he was arrested for an assault upon the plaintiff and fined therefor, and the defendant, after being fully informed of all the facts and of the acts committed by the agent, refused to comply with a demand for the return of the property so seized, the jury were warranted in finding that the defendant adopted and ratified the acts of the agent with full knowledge of all the circumstances attending the seizure, by retaining and accepting the fruits thereof. Such ratification, under the circumstances, was equivalent to express precedent authority for the wrongful acts committed, and justified a verdict against the defendant for exemplary damages.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, for Appellants.

The complaint is insufficient in not setting up the elements that make up a cause of action for exemplary damages. (*Samuels v. Railroad Co.*, 35 S. C. 501; 28 Am. St. Rep. 883; *International etc. Ry. Co. v. Garcia*, 70 Tex. 208; *Sullivan v. Oregon Ry. & Nav. Co.*, 12 Or. 392; 53 Am. Rep. 364; *Houston etc. Ry. Co. v. Baker*, 57 Tex. 424; *Lamb v. Harbaugh*, 105 Cal. 680.) The principal is not liable to exemplary damages for the wanton and malicious acts of an agent committed without the sanction of the principal. (*Turner v. North Beach etc. R. R. Co.*, 34 Cal. 594; *Mendelsohn v. Anaheim Lighter Co.*, 40 Cal. 657; *Wade v. Thayer*, 40 Cal. 578; *The Amiable Nancy*, 3 Wheat. 546; *Lake Shore etc. Ry. Co. v. Prentice*, 147 U. S. 101.)

Sayle & Coldwell, for Respondents.

The complaint sufficiently alleged the ultimate facts entitling

plaintiff to exemplary damages. (Civ. Code, sec. 3294.) The evidence shows that the defendants were responsible for the vicious and oppressive conduct of Tripp in taking the property, both because of previous authorization and subsequent ratification of his wrongful acts.

VAN FLEET, J.—Action to recover damages for a trespass committed by defendants in seizing and carrying away from plaintiffs' possession a quantity of raisins. The substantive averments of the complaint are that while plaintiff was the owner and in possession, and entitled to possession, of a certain lot of raisins of the value of three hundred dollars, the defendants "unlawfully, oppressively, and with force and arms," took and carried them away, to plaintiff's damage in the sum of two thousand three hundred dollars.

The verdict was for plaintiff for the sum of five hundred and twenty-five dollars; and from a judgment entered thereon, and an order denying them a new trial, defendants appeal.

1. The first point made is, that the verdict was in excess of what plaintiff was entitled to recover under his complaint; that, being for a sum above the value of the raisins, as alleged, it is manifest that the jury, in addition to the actual damage suffered, awarded something by way of smart money or punitive damages for the wrong committed, while the facts stated do not authorize an award of punitive or exemplary damages.

It is quite obvious from the averments of the complaint that the purpose of the pleader was to allege facts bringing the case within section 3294 of the Civil Code, which provides: "In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

It may be conceded that, as against a special demurrer for uncertainty or ambiguity, the complaint would be bad, and that plaintiff would have been required to allege in a more specific manner the circumstances showing oppression or malice in the doing of the act complained of in order to entitle him to damages in excess of the actual value of the property taken. (*Mal-*

*lory v. Thomas,* 98 Cal. 644; *Lamb v. Harbaugh,* 105 Cal. 680.)
But defendants interposed no such demurrer, and, after verdict,
the intendments are in favor of the sufficiency of the pleading.
The circumstances of the trespass are alleged in very general
terms, it is true, but it appears from the record that the trial
proceeded upon the theory that the complaint was sufficient to
bring the case within the principles stated in the above provision
of the code, and that, in accordance with that theory, evidence
was admitted without objection, showing the circumstances of
aggravation under which the property was taken.        In such a
case, the objection now made comes too late, and the complaint
must be held sufficient to sustain the judgment.

2. The circumstances of the taking, as the evidence tended to
disclose, were in substance these: The defendants, who were
in the raisin packing business in the city of Fresno, held a chattel
mortgage, in the name of one of the firm, upon the plaintiff's
crop of raisins for the season of 1894.        In November of that
year they sent one Tripp to plaintiff's place to find if he had de-
livered to them all the raisins included in their mortgage, which
covered the product of plaintiff's own vines.        Tripp found the
lot of raisins in controversy packed in sweat boxes on plaintiff's
premises, and at once demanded of the latter that he deliver
them at defendants' warehouse.        He was informed by plaintiff
that the raisins were not covered by the mortgage, but were a
lot plaintiff had purchased from one Sanborn.        Tripp insisted
upon the delivery of the grapes to defendants, and, upon plain-
tiff's refusal to comply with his demand, went to Fresno, pro-
cured a dray and two men, and returning to plaintiff's place di-
rected his men to load the raisins and deliver them to defendants.
Plaintiff undertook to prevent this, when Tripp, representing
that one of his assistants was a deputy sheriff, and that they in-
tended taking the raisins at all events, forcibly seized plaintiff
and held him while the raisins were loaded and carted away to
defendants' warehouse.        In the struggle plaintiff was thrown
down and somewhat bruised and injured.

Defendants knew on the day of the taking that Tripp had had
trouble in getting the raisins, and that he was arrested for the
assault on plaintiff and subsequently paid a fine; and plaintiff on
that day or the next went to defendants and informed them of

the acts committed by Tripp, and also that the raisins were not covered by the mortgage, and demanded their return. The demand was refused, and this action was brought.

. It is not denied that the manner of the taking was exceedingly stronghanded and outrageous, nor that if defendants were responsible for the acts of Tripp they would be liable in punitive damages; but defendants conterd that the evidence is insufficient to sustain the implied finding of the jury that they authorized the malicious or violent acts of their agent in the premises. This contention is wholly untenable. It is not necessary to inquire whether the evidence was sufficient to justify an inference that the course pursued by Tripp was in pursuance of previous directions or authorization by defendants, since the evidence, while somewhat conflicting, clearly warranted the jury in finding that, with a full knowledge of all the circumstances attending the seizure of the raisins, they adopted and ratified the acts of Tripp by retaining and accepting the fruits thereof. Ratification under such crcumstances is equivalent to express precedent authority.

3. There is complaint of error in the giving and refusing of instructions, but we discover none. Reading the instructions as a whole, they fully and fairly presented the law to the jury, and left no room for misapprehension on the part of the latter.

We find no error in the record, and the judgment and order are affirmed.

Harrison, J., Henshaw, J., Temple, J., McFarland, J., and Garoutte, J., concurred.