## NIXON et al. v. RAUER et al.

### S. F. No. 1883; September 30, 1901.

#### 66 Pac. 221.

**Sheriffs — Acts of Deputy — Exemplary Damages.**—A sheriff, though liable for injuries done by his deputy, cannot be charged in exemplary damages for misconduct of such deputy as though he had personally committed the acts.[1]

APPEAL from Superior Court, City and County of San Francisco; William R. Daingerfield, Judge.

Action by Thomas C. Nixon and another against J. J. Rauer and others. From a judgment in favor of plaintiffs and an order denying defendant Whelan's motion for a new trial he appeals. Reversed.

Reddy, Campbell & Metson for appellant; Wm. M. Abbott for respondents.

SMITH, C.—The appeal is from a judgment for the plaintiffs against the defendants Rauer and Whelan for the sum of $350 for forcibly breaking and entering the plaintiffs' dwelling-house, and for carrying away goods of the plaintiffs, and from an order denying the defendant Whelan's motion for a new trial. The case was tried by a jury, who rendered a verdict for the amount named. The defendant Whelan alone appeals.

The appellant at the time of the trespass was sheriff of the city and county. He did not personally participate in the trespass—which was committed by one of his deputies in levying an attachment—but is charged solely on account of his official relation to the actual trespasser. On the trial the jury was instructed, among other things, in effect, that the sheriff, be-

---

[1] Cited and followed in Foley v. Martin, 142 Cal. 261, 263, 100 Am. St. Rep. 123, 75 Pac. 842, where it is held that ratification by the principal officer is necessary in order that he be made responsible in punitive damages.

Cited with approval in Davis v. Hearst, 160 Cal. 165, 116 Pac. 540, a libel case, where the principle is applied to the responsibility of a newspaper proprietor for the act of his subordinate.

ing answerable for the acts of his deputy, might be held liable in exemplary or punitive damages for the aggravated misconduct of his deputy, as though he had personally committed the acts. This was erroneous. ''Exemplary or punitive damages, being awarded not by way of compensation to the sufferer, but by way of punishment of the offender, and as a warning to others, can only be awarded against one who has participated in the offense. A principal, therefore, though, of course, liable to make compensation for injuries done by his agent within the scope of his employment, cannot be held liable for exemplary or punitive damages merely by reason of wanton, oppressive or malicious intent on the part of the agent'': Railroad Co. v. Prentice, 147 U. S. 107, 37 L. Ed. 97, 13 Sup. Ct. Rep. 261; Warner v. Railroad Co., 113 Cal. 105, 54 Am. St. Rep. 327, 45 Pac. 187; Trabing v. Improvement Co., 121 Cal. 143, 40 L. R. A. 585, 53 Pac. 644. I advise that the judgment and order appealed from be reversed.

We concur: Gray, C.; Cooper, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.