## WILLIAMS v STEEN
## WILLIAMS v KELLY

Ohio Appeals, 3rd Dist, Allen Co

Nos 703 & 704. Decided Dec 10, 1935

J. F. Emans, Lima, for appellee.
Mackenzie, Weadock & Weadock, Lima, and Emmett D. Lusk, Lima, for appellants.

## OPINION

By KLINGER, PJ.

Kenneth Williams, the plaintiff in this suit, was arrested on the 6th day of December, 1934, by Deputy Sheriff Ruese under a warrant issued by R. G. Herrman, a justice of the peace in Auglaize County, Ohio. The affidavit had been filed in said justice's court by Frank Barnes, charging Williams with stealing corn from Barnes. On failure to give bond, Williams was confined to the jail of Auglaize County, Ohio, and W. E. Kelly at that time and all times referred to in this proceeding, was sheriff of Auglaize County, Ohio, and R. C. Ruese was a deputy sheriff.

On the evening of December 6, 1934, Deputy Sheriff Ruese and one James Goetz, the latter being a private citizen and not a police officer, brought Kenneth Williams in an automobile to the police station in the City of Lima for the purpose of having the prisoner Kenneth Willliams photographed and finger printed. The officer in charge of the Bertillon department not being present, this could not be done. Thereupon Ruese, Goetz and the plaintiff Kenneth Williams and police officers Miller and Hogan went upstairs to the detectives' room in said police station where they were joined a few moments later by V. M. Andrews, a sergeant of the State Highway Patrol. The officers began questioning Kenneth Williams while in the detectives' room, about numerous corn stealings which had occurred in Allen, Auglaize, Hardin and other adjoining counties, when at the request of Deputy Sheriff Ruese, R. W. Steen was called. Mr. Steen was at this time a special police officer of The Erie Railroad Company and was located in Lima.

Kenneth Williams claims that during the time he was confined in this detectives' room, R. W. Steen abused him, beat him, assaulted him in different ways by pulling his hair, slapping him, knocking him down, and so forth.

Kenneth Williams brought suit against R. W. Steen, The Century Indemnity Company, The Erie Railroad Company, Ward Taylor and W. E. Kelly. The case was tried to the court and a jury and a verdict in the sum of four thousand dollars was returned against the defendants, R. W. Steen and W. E. Kelly, the other defendants having all been dismissed from the case on motion. A motion for new trial was filed and overruled. The reasons emphasized why a new trial should be allowed, were:

First, that the verdict is against the weight of the evidence.

Second, the court erred in its charge in the following particulars: a. As to pleading of facts. b. As to punitive and exemplary damages. c. In charging the law as to matters in no way germain to the issues involved in the case, namely, the law as to aiders and abettors applied to Sheriff Kelley, and as to libel and slander applied to both Sheriff Kelly and Steen.

This court has carefully examined the evidence submitted to us and as to the weight of the evidence are not in accord, one of our number being of opinion that there is sufficient evidence to sustain the verdict, and for that reason the verdict cannot be disturbed on the question of the weight of the evidence.

The court in its charge used the following language: "The pleadings are not evidence but any statements of fact contained in the pleadings may be considered by you as true without further proof thereof." This is erroneous. Had the court said, "Any admissions by the defendant of an averment in the pleadings may be considered by you as true without further proof," the statement would be correct. Probably this is what the court intended. However, there is no denial that the court made the statement as quoted, and this would be prejudicial error.

The court's discussion as to the law on libel and slander is error as to both the sheriff and Steen because there was no question or issue raised involving either the rights or the liability in a libel and slander proceeding; and the discussion concerning aiding and abetting is error as to the sheriff, because the sheriff's liability, in view of the want of evidence and for the reasons hereinafter mentioned, rested on the statute alone and not on aiding and abetting, and as to Steen because under the evidence his liability is based solely on his own acts and is independent of the liability of the sheriff.

The court also charged the law as to punitive damages, and the charge is correct as applied to the defendant R. W. Steen. However, as to W. E. Kelly the same is erroneous, or rather, it does not apply as to him. Sheriff Kelly was not present; it is

204

not claimed that he was present or that he had any knowledge of the mistreatment of the prisoner by - R. W. ■ Steen, and punitive damages cannot be recovered against the sheriff for acts of the deputy sheriff in the absence of evidence that the acts were done and that the assault was authorized, participated in or ratified by the master or sheriff. See **Columbus Railway, Light & Power Company v Harrison, 109 Oh St 526**, and cases therein cited. **13 Ohio Jurisprudence, 247.** See also, Kerchval v Allen, 220 Federal Reporter, 262. Kusah v McCorkle, Sheriff, Lawyers Reports Annotated, 1918C, page 1158. Nixon v Riuer, 66 Pacific, 221.

And except in cases where the sheriff authorizes, participates in or ratifies the acts of his deputy, his liability therefor is based solely on §§2380, (2830, 2831), GC, which is merely a restatement of the liability of the sheriff for such acts under the common law, the liability being similar to that of a master for the acts of his servant. The sheriff, under the evidence in this case, was therefore not liable as an aider and abettor.

For these reasons, the finding and judgment of the court of common pleas will be reversed and the cause remanded for a new trial.

GUERNSEY and CROW, JJ, concur.