[Civ. No. 12929. First Dist., Div. Two. Sept. 19, 1945.]

RUPERT MORGAN et al., Appellants, v. MARY BELLE FRENCH, Respondent.

Sefton & Quattrin for Appellants.

Ross & Ross for Respondent.

NOURSE, P. J.—The plaintiffs sued for actual and exemplary damages for the alleged unlawful entry of defendant into the residence of plaintiffs. A demurrer to the second amended complaint was sustained; the plaintiffs declined to amend further; and defendant took judgment. We will herein refer to the second amended complaint as the "complaint."

This alleges that the defendant "wrongfully and by force" entered the residence of plaintiffs during their absence, conducted a search of plaintiffs' household goods, clothing, and personal effects, and "took" certain enumerated articles therefrom which belonged to plaintiffs and converted them to her own use; that the entry and taking "were without any authority or consent by the plaintiffs"; that in "so entering" into the home of plaintiffs "the defendant was guilty of malice in that said entry was deliberately and wilfully made by the defendant for the purpose of injuring the plaintiffs, and said entry constituted an unlawful act." Then follows an allegation that the discovery of the unlawful entry caused plaintiffs "mental anguish and thereafter to suffer from fright, apprehension, nervousness, disgrace and humiliation."

Damages were prayed in the sum of $19—the value of the articles taken; $1,000 for the unlawful entry; $10,000 as exemplary damages; and interest at 7 per cent a year from June 22, 1944, the date of the entry.

The defendant demurred on eleven grounds. The first and second are that the complaint does not state facts giving the court jurisdiction of the person, and of the subject matter. Both are without merit. The third ground urged is the failure to state a cause of action. The complaint pleads a case in tort with alleged injury to the person and property of plaintiffs and clearly, though briefly, pleads a cause of action. The fourth ground claims a misjoinder of causes of action. Defendant has failed to observe section 427 of the Code of Civil Procedure which permits the joinder of causes of action for injuries to person and to property. Under the fifth ground the defendant claims that the complaint is ambiguous because it cannot be ascertained therefrom how the plaintiffs suffered from fright, nervousness, humiliation and had their feelings injured. It is a matter of common knowledge that the burglary of one's home causes fright and nervousness and injury to the feelings of the home owner. The knowledge that another has unlawfully made a search of one's personal be-

longings, papers and clothing may also cause suffering. It was not necessary to plead any further facts in this respect. The same may be said as to the sixth ground relating to the allegations that plaintiffs suffered mental anguish by the alleged unlawful entry of their home. The seventh ground asserting ambiguity in that it cannot be ascertained if damage was caused to the real or personal property of plaintiffs does not present any debatable question. The complaint does not seek damages for injuries to real property, but does claim damages to the extent of the value of the personal property alleged to have been taken.

The eighth ground asserts ambiguity in that it cannot be ascertained how plaintiffs are entitled to ask for interest from the date of the unlawful entry. This is not a question of ambiguity or uncertainty. Section 3288 of the Civil Code provides that in every case of oppression, fraud or malice interest may be given in the discretion of the jury. If plaintiffs succeed in proving that the unlawful entry was made maliciously, they would be entitled to interest under this section, and the fact that they pleaded for interest at the rate of 7 per cent does not make the pleading either ambiguous or uncertain. The tenth and eleventh grounds merely asserted that the complaint is unintelligible and uncertain for the same reasons theretofore asserted as to its ambiguity.

The ninth ground presents the only debatable question. It is there argued that the complaint is ambiguous because it cannot be ascertained therefrom what acts, if any, of the defendant entitled plaintiffs to ask for exemplary damages. The defendant relies upon the dictum found in *Avakian* v. *Noble,* 121 Cal. 216, 218 [53 P. 559] where the court said: "It may be conceded that, as against a special demurrer for uncertainty or ambiguity, the complaint would be bad, and that plaintiff would have been required to allege in a more specific manner the circumstances showing oppression or malice in the doing of the act complained of in order to entitle him to damages in excess of the actual value of the property taken." In that case the plaintiff recovered both actual and exemplary damages upon a complaint alleging that the defendants "unlawfully, oppressively, and with force and arms," took and carried away a certain lot of raisins to the value of $300. It was conceded that the verdict of $500 included an award for exemplary damages. In affirming the judgment the Supreme Court, after using the language heretofore quoted,

held that the point was not before it because no special demurrer had been interposed, and all the evidence showing the circumstances of aggravation was admitted without objection. The difference between the complaint there considered and the one before us is substantial. Here the plaintiffs rely upon malice; there the plaintiff relied upon oppression only. Here the complaint alleges that the entry was deliberate and wilful, made for the purpose of injuring the plaintiffs and that the entry was without authority or consent of the plaintiffs. Thus all the facts tending to show malice that could have been pleaded are pleaded with such certainty that no one could have any doubt as to their meaning. The argument that the complaint merely pleads a conclusion of law is not sound. Section 3294 of the Civil Code provides that a party may recover exemplary damages where the "defendant has been guilty of oppression, fraud, or malice, express or implied."

Malice is not only "implied" but it is conclusively presumed "from the deliberate commission of an unlawful act, for the purpose of injuring another"; section 1962, Code of Civil Procedure. This conclusive presumption precedes all rebuttable presumptions, implications and inferences which may be drawn from facts proved. Where a complaint pleads the deliberate commission of an unlawful act for the purpose of injuring another, it pleads the only facts necessary to put in play the conclusive presumption of a malicious and guilty intent  That the alleged burglary and petty theft of articles taken from plaintiffs' residence are unlawful acts within the meaning of section 1962 cannot be questioned.

The complaint was thus complete in alleging the malicious acts on the part of the defendant which entitled plaintiffs to sue for exemplary damages under the code section. This is in accord with the rule stated in *Davis* v. *Hearst,* 160 Cal. 143, 167 [116 P. 530]. "The only presumption of our law touching malice in fact is that announced in section 1962 of the Code of Civil Procedure, which declares as a conclusive presumption, the existence of 'a malicious and guilty intent from the deliberate commission of an unlawful act for the purpose of injuring another.' But before this presumption arises, the jury is to find as facts: (1) the commission of an unlawful act; (2) that its commission was deliberate, and (3) that it was committed with the deliberate purpose of injuring another. In these three findings it will be noted are all the

elements of malice in fact." In harmony with this is *Clark* v. *McClurg*, 215 Cal. 279, 284 [9 P.2d 505, 81 A.L.R. 908], where the Supreme Court states: "The law presumes that general damages follow from the utterance or publication of matter slanderous or libelous *per se*. Hence where, as here, the publication is slanderous or libelous *per se*, and is false and unprivileged, a cause of action for actual or compensatory damages is conclusively established." (Citing cases.)

"A malicious motive or intent will be presumed or implied in law from the intentional commission of a wrongful act which causes injury to another." (34 Am.Jur. 685.) And though it may appear that the party acted without hatred or revenge "if he acted wantonly, doing what any man of reasonable intelligence must have known to be contrary to his duty, and purposely prejudicial and injurious to another, the law will imply malice." (34 Am.Jur. 683.)

Hence legal malice means no more than the wrongful intention to do harm which the law always presumes as accompanying a wrongful act, without any proof of malice in fact. (*Star Pub. Co.* v. *Donahoe* (Del.) 58 A. 513, 65 L.R.A. 980.)

We have heretofore said that the demurrer to the jurisdiction is not well taken. It should be added that respondent supports her plea on this assignment with the argument relating to her special demurrer on the allegations supporting plaintiffs' demand for exemplary damages. It is argued that since the complaint is ambiguous in this respect the amount in controversy appears to be less than $1,000, and hence that the superior court did not have jurisdiction within the provisions of section 112 of the Code of Civil Procedure. But the complaint is not vulnerable to the general demurrer. It pleads a cause of action within the jurisdiction of the superior court, and the special demurrer for ambiguity cannot affect the question of the court's jurisdiction. This is so because all the grounds urged in that special demurrer might be waived as was done in *Avakian* v. *Noble, supra.* In respect to the amount in controversy the jurisdiction of the superior court as against that of an inferior court is to be determined by "the demand" made in the complaint. (Const., art. VI, § 5; Code Civ. Proc., § 112.) Hence, when the question of jurisdiction is raised by demurrer to the complaint it must be determined upon the amount of "the demand" and not upon what may then be deemed to be the probable recovery.

Though the complaint is unusually brief it states the facts "in ordinary and concise language" sufficient to entitle plaintiffs to go to trial on the issues raised within the provisions of section 426 of the Code of Civil Procedure.

The judgment is reversed.

Sturtevant, J., and Goodell, J., concurred.