THE STATE OF OHIO, APPELLEE, *v.* HARLAND, APPELLANT.

(No. 284—Decided November 15, 1952.)

*Mr. Charles P. Baker, Jr.,* for appellee.
*Mr. George Buchwalter* and *Mr. Mark Sperry,* for appellant.

GRIFFITH, J. Stuart M. Harland, sheriff of Geauga county, was charged by indictment with pampering a prisoner who had been sentenced to imprisonment in the county jail. To this indictment, he pleaded not guilty, and a trial was had resulting in a verdict of guilty. Judgment was entered upon that verdict, and a reversal is sought in this court.

The indictment, omitting formal allegations, charged:

"Stuart Harland on or about the 4th day of April, 1951, in the county aforesaid, being sheriff of said county and having the care and custody of said county jail did permit a prisoner, to wit: one George Gordon, to be dealt with less strictly than intended by his sentence, to wit: permitted said George Gordon to go beyond the confines of his cell and use the jail telephone at 10:06 o'clock p. m., on April 4, 1951."

Section 12849, General Code, reads as follows:

"Whoever, being a sheriff, jailer or other person having the care and custody of a jail, permits it to become foul or unclean so that the health of a prisoner may be endangered, or permits a prisoner to be dealt with less strictly than intended by his sentence, shall be fined not more than one hundred dollars."

Gordon was a prisoner in the county jail at the time mentioned in the indictment, and he was let out of his cell not only on this occasion but at many other times to make telephone calls.

The sheriff in any county has charge of the jail and the prisoners.

Section 3157, General Code, provides:

"The sheriff shall have charge of the jail of the county, and all persons confined there, keep them safely, attend to the jail, and govern and regulate it according to the rules and regulations prescribed by the Court of Common Pleas."

Section 13451-1, General Code, provides:

"When a person convicted of a misdemeanor is sentenced to imprisonment in jail or the workhouse, the judge or magistrate shall order him into the custody of the sheriff or constable, who shall deliver him, with the record of his conviction, to the jailer or keeper, in whose custody he shall remain in the jail of the county or workhouse, as the case may be, until the term of his

imprisonment expires or he is otherwise legally discharged.''

Section 2831, General Code, provides:

''The sheriff shall be responsible for neglect of duty or misconduct in office of each of his deputies.''

There was no testimony that the sheriff personally ever let Gordon out of his cell to make calls.

The record discloses that the acts complained of were committed by the defendant's deputies, and there is no proof of any knowledge of or consent to the acts of the deputies by the defendant sheriff. The record is entirely devoid of evidence of personal acts on the part of defendant constituting any offense, or knowledge or consent on his part to the acts of his deputies.

Section 12849, General Code, does not provide that a sheriff is the party absolutely liable thereunder, but rather provides:

''Whoever being a sheriff, jailer or other person having the care and custody of a jail.''

The important question in this case is whether the sheriff is criminally responsible for the acts of his deputies where he had no knowledge of such acts and where he neither participated in, consented to, nor ratified them.

The general rule is that the sheriff is not criminally responsible or liable for the acts of his deputies.

47 American Jurisprudence, 932, Section 158, provides in part:

''As a general rule, however, such officers are liable civilly but not criminally for the acts and omissions of their deputies appointed or selected by them when the deputies are acting officially or under color of the office.''

See, also, 1 Anderson on Sheriffs, Coroners and Constables, 271, Section 265.

Section 9, General Code, reads as follows:

''A deputy, when duly qualified, may perform all

and singular the duties of his principal. A deputy or clerk, appointed in pursuance of law, shall hold the appointment only during the pleasure of the officer appointing him. The principal may take from his deputy or clerk a bond, with sureties, conditioned for the faithful performance of the duties of the appointment. In all cases the principal shall be answerable for the neglect or misconduct in office of the deputy or clerk.''

Nowhere does either Section 9 or Section 2831, General Code, say that an officer shall be criminally responsible for the acts of his deputies. These sections contain merely restatements of the common law covering the civil liability of an official for the acts of his deputies.

''A statute defining a crime or offense cannot be extended, by construction, to persons or things not within its descriptive terms, though they appear to be within the reason and spirit of the statute.'' *State* v. *Meyers,* 56 Ohio St., 340, 47 N. E., 138.

In the case of *Williams* v. *Steen* (Ohio App.), 23 Ohio Law Abs., 202, the court held:

''Punitive damages cannot be recovered against a sheriff for acts of the deputy sheriff in the absence of evidence that the acts were done and the assault was authorized, participated in or ratified by the sheriff.''

We hold that Sections 2830, 2831 and 9, General Code, merely restate the civil liability of the sheriff under the common law.

In charges of a criminal nature, guilt is a personal matter and must be shown by either proving that the defendant actually performed the acts alleged or otherwise participated in them by knowledge of such acts on his part coupled with a failure to stop them, or by consenting to such acts and thus participating therein.

It was incumbent upon the state to prove the allegations of the indictment; to prove that the sheriff of Geauga county permitted George Gordon, a prisoner,

to be dealt with less strictly than intended by his sentence, not that his deputies did so.

Section 2831, General Code, is not part of Section 12849, General Code, and may not be tacked on to it. In the case of *City of Cleveland* v. *Jorski,* 142 Ohio St., 529, 53 N. E. (2d), 513, the court held:

"Penal statutes and ordinances are strictly construed and may not be extended. by implication to cases not falling within their terms."

In 37 Ohio Jurisprudence, 823, Section 513, it is stated:

"If the meaning of a penal statute cannot be judicially ascertained or if, in defining a criminal offense, it omits certain necessary and essential provisions which go to impress the acts committed as being wrongful and criminal, the courts are not at liberty to supply the deficiency or to undertake to make the statute definite and certain." See, also, *State* v. *Meyers, supra.*

The main and real issue in this case is whether the sheriff is criminally responsible for the acts of his deputies. We hold that he is not. He may not be convicted of crime for something a deputy has done.

Section 2831, General Code, has reference to civil liability and may not be extended to criminal liability. We hold that criminal guilt is personal, and, except in cases where the sheriff authorizes, participates in or ratifies the acts of his deputy, he may not be held criminally liable under Section 12849, General Code.

So viewing it, it follows that the judgment of the Court of Common Pleas should be reversed and the defendant-appellant discharged.

*Judgment reversed.*

Nichols and Phillips, JJ., concur.