Thomas C. Anderson, appellee, v. Chicago, Burlington & Quincy Railway Company, appellant.

Filed April 24, 1909. No. 15,626.

1. **Appeal: Submission of Case.** It is error to submit a cause of action to the jury when there is no evidence to sustain it.

2. **Evidence of Value.** A farmer who is engaged in raising farm crops and live stock is competent to testify to the value of such crops and live stock.

3. ————. A farmer who has resided upon his farm for many years, and is actively engaged in agriculture, is competent to testify as to the value of his land and the crops raised thereon by him.

4. ————. A farmer actively engaged in agriculture, and who is acquainted with a particular tract of land, and has a knowledge of the value of lands in its vicinity, is competent to give an opinion as to the value of the particular tract.

APPEAL from the district court for Franklin county: Ed L. Adams, Judge. *Reversed with directions.*

*James E. Kelby, Byron Clark* and *Frank E. Bishop,* for appellant.

*H. W. Short, contra.*

GOOD, C.

Plaintiff brought this suit to recover on four separate causes of action. For his first cause of action he alleged that defendant negligently threw out sparks and coals of fire from a passing engine, and thereby started a fire which burned and destroyed certain crops and killed a part of a field of growing alfalfa. For his second cause of action he alleged, the negligent starting of a fire in a similar manner which burned and destroyed a quantity of hay and a rake. For a third cause of action he alleged that the defendant negligently permitted its fence along its right of way to become out of repair and insufficient to turn stock, and in consequence plaintiff's hog went upon defendant's railroad track and was killed by a passing train. For a fourth cause of action he alleged that defendant negligently failed to keep open and unobstructed a certain ditch and culvert along its right of way and under its track, whereby the surface waters were collected, dammed up and thrown back upon plaintiff's land, which caused the destruction of certain crops and killed and destroyed several acres of growing alfalfa. The defendant admitted its corporate capacity, and denied all the other allegations of the petition. Verdict and judgment were for plaintiff, and defendant has appealed.

Defendant insists that there is not sufficient evidence to sustain the first and second causes of action and that it was error for the court to submit those causes to the jury. We have carefully examined the evidence, and with reference to the first cause of action there is nothing in the evidence from which it can be ascertained what quantity of hay or crops were destroyed or what amount of alfalfa was killed. With reference to the second cause of action, the evidence shows that there was a fire upon plaintiff's

premises which burned and destroyed certain hay and a rake.  A witness testified that he observed the fire and that the hay was burning, but he did not know how the fire started or what caused it.  He further stated "there was another fire on up the track just a little ways," and that a train had passed about that time.  This is all the evidence relating to the origin of the fire which caused the damage sued for in the second cause of action.  It is not shown whether the train passed before or after the fire started.  It is not shown that the fire burned from the railroad track toward the hay, nor from what direction the wind was blowing, nor how far the hay was located from the railroad track.  Under these circumstances, the evidence is wholly insufficient to warrant the finding that the fire was started by sparks or coals from defendant's engine.  The evidence was insufficient to justify the submission of the first and second causes of action to the jury.

Defendant complains of the admission of certain evidence given by the plaintiff, wherein he testified to the value of the crops destroyed by fire and water, and also with reference to the value of the land before and after the alfalfa was killed by fire and water.  Defendant insists that the witness was not competent to testify as to value.  The record shows that the plaintiff was a farmer, had owned and resided upon the land for many years and was engaged in the raising of crops of the character of those destroyed.  The owner of land who has resided upon and cultivated the same and is familiar with its value is a competent witness on the question of its value.  *Chicago, R. I. & P. R. Co. v. Buel*, 56 Neb. 205; *Chicago, B. & Q. R. Co. v. Shafer*, 49 Neb. 25; 17 Cyc. 115.  The owner of chattels is qualified by reason of that relationship to give his estimate of their value. 17 Cyc. 113, 114.  See, also, *Western Home Ins. Co. v. Richardson*, 40 Neb. 1.  Defendant also complains of the admission of certain other testimony as to the value of certain crops destroyed, and the value of land before and after the destruction of the alfalfa by fire and water, on the ground that the witness

was incompetent. The record discloses that the witness was a farmer engaged in the business of agriculture and raising crops of a similar character, and had some knowledge of the value of lands in the vicinity of plaintiff's land, and was acquainted with that land. The general rule is that a farmer who is engaged in raising crops and live stock may, without other qualifications being shown, testify to the value of farm or domestic animals and farm crops. If a witness is shown to be acquainted with the value of land generally in that vicinity, he may testify as to the value of such land. 17 Cyc. 116, 117. The record brings the witness within the rule, and the evidence was properly admitted. Complaint is made of other rulings on the admission of evidence, all of which we have examined and find no prejudicial error in any of them.

On motion of the defendant, the court submitted to the jury the four several causes of action for special findings as to each. The return of the jury allowed plaintiff on the first cause of action $55.10; on the second cause of action $58.52; on the third cause of action $6, and on the fourth cause of action, $274.79, and returned a general verdict for $394.41. It appearing that the evidence is not sufficient to sustain the first and second causes of action, the judgment as to the amount covered by those two findings should be reversed. We therefore recommend that the judgment of the district court be reversed and the cause remanded, with directions to the district court to enter judgment as of date October 16, 1907, in favor of the plaintiff, for the amount found by the jury upon his third and fourth causes of action, in the sum of $280.79, and to grant defendant a new trial as to plaintiff's first and second causes of action.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to the district court

to enter judgment as of date October 16, 1907, in favor of plaintiff, for the amount found by the jury upon his third and fourth causes of action, in the sum of $280.79, and to grant defendant a new trial as to plaintiff's first and second causes of action. It is further ordered that each party pay one-half of the costs in this court.

JUDGMENT ACCORDINGLY.