[Civ. No. 1842.   Third Appellate District.—April 29, 1918.]

## J. R. CATLETT, Respondent, v. F. H. BENNETT et al., Appellants.

NEGLIGENCE—BREAKING OF LEVEE—FLOODING OF LAND—DEFECTIVE CONSTRUCTION OF CANAL—INFERENCE FROM EVIDENCE.—In this action for damages to crops caused by the flooding of plaintiff's land, due to the breaking of the levee of a reclamation district, it is held that it is not an unreasonable inference that the levee would not have given away if the additional water had not been projected against it by reason of the negligence of the reclamation district trustees in the construction of the canal.

ID.—MEASURE OF DAMAGE TO CROPS.—In such an action, the measure of plaintiff's damages is to be determined by finding the value of the probable yield and the market value of the crop had it not been damaged, less the cost of producing and marketing the crop.

APPEAL from a judgment of the Superior Court of Sutter County.   K. S. Mahon, Judge.

The facts are stated in the opinion of the court.

W. H. Carlin, for Appellants.

M. E. Sanborn, and Laurence Schilling, for Respondent.

BURNETT, J.—The action was for damages to crops caused by the flooding of plaintiff's land in January, 1914.   The gist of the complaint is shown by these allegations:

"That defendants did, during the early part of the year 1913 excavate and cut a canal and build a levee [describing it] ; that said canal and said levee cut through a high ridge running in an easterly and westerly direction; that said high ridge had always heretofore protected the lands and crops of

plaintiff from the overflow waters of Pleasant Grove Creek and from the flow of waters on the Southeasterly side of said high ridge; that plaintiff is informed and believes and upon such information and belief, states that said canal and levee was a part of a scheme of the defendants to build a system of levees and canals for the purpose of constructing a by-pass between Reclamation District 1000 and Reclamation District 1001 for carrying off the drainage and overflow waters of the adjacent country and the overflow from Pleasant Grove Creek." (It may be stated here that defendants were and are the trustees of said Reclamation District No. 1000.)

"That when defendants had excavated said canal and built said levee between the points aforesaid they ceased and abandoned their work on their said scheme to construct the by-pass and did not complete their plan and failed to complete the canal and levee in question or to build other canals or levees to take care of the overflow waters of Pleasant Grove Creek and the country lying on the southeast side of said high ridge; that the canal so constructed by defendants was constructed with a pitch that caused the waters from the overflow of Pleasant Grove Creek and the waters from the country on the southeast side of said high ridge to flow directly towards and against the lands and levees of plaintiff in addition to the waters that usually flowed against said levees; and that the levee so built by defendants helped to divert and cause to flow into said canal as aforesaid the overflow waters from Pleasant Grove Creek and the waters from country on the southeast side of said high ridge; that defendants left said canal and levee incomplete, and said canal open and unobstructed; that by reason of the foregoing acts of defendants the overflow waters from Pleasant Grove Creek and the waters from the vicinity lying Southeast of said high ridge did, on or about the 1st day of January, 1914, flow through the said canal and against the levee surrounding the land of plaintiff and augmented the water ordinarily flowing against said levees to such an extent that said levees were broken down and destroyed; that if said canal had never been excavated, or said levee never been built, or if said scheme of defendants had been completed said overflow waters from Pleasant Grove Creek and from the vicinity lying northeast of said high ridge would never have been added to the waters ordinarily flowing

against the levees surrounding plaintiff's lands and caused them to break down to his damage as aforesaid."

Appellants in their brief contend for three propositions: "1. The evidence is insufficient to prove that the damage to plaintiff's crop was caused by any of the acts of defendants or for that matter from any waters coming thereto from the south of plaintiff's land; that is to say, from the direction of Reclamation District 1000. 2. There is no evidence to prove any loss of plaintiff in connection with his levees. 3. Errors of law committed by the lower court in adopting what we claim to have been an incorrect method of computation."

Of these contentions the only one concerning which there can be any serious controversy is the first one. As to this, from a reading of the entire record, the conviction arises that the evidence is not very persuasive. However, we think it cannot be said that the finding adverse to appellants is entirely unsupported. The only particular omission urged by appellants is, that the evidence does not show that the levee protecting plaintiff's land was broken by the waters flowing from the south in the canal constructed by the defendants.

As to the construction of the canal itself by defendants, its condition as described in the complaint, and the fact that it caused a large volume of flood water to be thrown against the land of plaintiff, there is no serious controversy, and these considerations need receive no further attention. The other point is not so clear by reason of the fact that quite a volume of flood water was precipitated against plaintiff's said levee through a water-way called King Creek coming from the north, with which, admittedly, appellants had no connection. As to this appellants claim: "There is no dispute whatever in the testimony that the waters of King Creek alone would have done all the damage claimed to have been suffered by plaintiff; and while there is some evidence to the effect that where these breaks occurred certain waters from the south and east passed through these breaks commingling with the waters of King Creek, yet we claim that the damage had been done independent of any action of these waters, and that even as to those a large portion came from the east and only a relatively small portion of the waters from the south ever reached either of these breaks. We claim there is no evidence in the record which tends to show by anything which may be called substantive proof that these breaks were not caused solely by the

action of the waters of King Creek, and then after these breaks had thus been caused, the amount of contribution to any possible damage by waters which reached plaintiff's land from and through this intercepting canal to the south was so insignificant as not to amount to a material contributory cause.''

In reference to this contention, however, it may be said that if the levee had held, no damage would have been done to the land. This appears clear enough from the testimony. We think, also, that it is not an unreasonable inference that the levee would not have given way if the additional water had not been projected against it by reason of the negligence of appellants in constructing said incomplete canal. This is not a matter capable of demonstration. It rests somewhat on opinion based upon a consideration of the surrounding circumstances. There was no attempt at a technical exposition of the strength of said levee or of the pressure upon it caused by the waters coming from the north or from the south, but witnesses testified substantially that it had before withstood the impact of a larger volume of water from said King Creek, and that when the break occurred more water was being thrown against it through the said canal constructed by defendants than through said creek, and, hence, we may say it was not an unreasonable deduction drawn by the trial judge ''that the negligence of defendants was a proximate contributory cause of the injury.'' If the negligence of defendants contributed to the breaking of the levee, then, manifestly, it would be unimportant what part of the water that overflowed the land came from said King Creek and what part from the canal. However, as to this there is testimony that the larger part came from the canal.

Of the $832.15 awarded as damages, the court allowed the sum of one hundred dollars for the destruction of the levee.

There is direct testimony that it would cost that amount to repair it, and, therefore, it cannot be said that the finding in that particular is unsupported.

The third objection of appellants is based upon the fact that the court in determining the damage to the crops adopted the rule of ascertaining the probable yield and market value of the crop had it not been damaged, deducting therefrom the cost of producing and marketing the same. It is admitted by appellants that the course was sanctioned by the supreme court in *Teller* v. *Bay & River Dredging Co.,* 151 Cal. 209, [12 Ann.

Cas. 779, 12 L. R. A. (N. S.) 267, 90 Pac. 942], and by this
court in *Dennis* v. *Crocker-Huffman etc. Co.*, 6 Cal. App. 58,
[91 Pac. 425]. They claim, however, that the rule is not cor-
rect and think those cases should be overruled. We are, how-
ever, entirely satisfied with those decisions and desire to add
nothing to the consideration therein advanced.

Under the familiar rule as to the province of appellate
courts, we think the judgment should be affirmed, and it is so
ordered.

Chipman, P. J., and Hart, J., concurred.