[Civ. No. 2399. First Appellate District.—June 19, 1918.]

## W. W. ERSKINE, Respondent, v. R. H. MARCHANT et al., Appellants.

CONTRACT—SALE OF CALCULATING MACHINES—REPUDIATION BY PRINCIPAL—ESTOPPEL TO CLAIM FORFEITURE.—In an action by an agent on a contract of employment for the sale of calculating machines, providing for forfeiture if he did not sell fifty machines the first year, where the defendants repudiated the contract two and one-half months after it had been executed, they were estopped from claiming forfeiture for nonsale of the required number of machines.

ID.—PROFITS FROM SALES OF OTHER MACHINES—MITIGATION OF DAMAGES—LACK OF EVIDENCE.—In such an action, profits made by plaintiff on sales of machines purchased by him from another firm are not available in mitigation of damages, in the absence of evidence as to the capital invested by plaintiff or how many he sold.

ID.—COMMERCIAL AGENTS AND PRINCIPALS—DAMAGES FOR BREACH.—While contracts between commercial agents and their principals embody many elements of uncertainty, damages for breach thereof are not speculative or remote, and such compensation will be awarded as the evidence shows with reasonable certainty the wronged party is entitled to.

APPEAL—CONSTRUCTION OF FINDINGS—SUPPORT OF JUDGMENT.—Courts may find damages in a lump sum, and any uncertainty in the findings is to be construed so as to support the judgment rather than defeat it.

APPEAL from a judgment of the Superior Court of Alameda County. Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

Henry C. McPike, for Appellants.

Alexander D. Keyes, and Herbert W. Erskine, for Respondent.

THE COURT.—This is an appeal from a judgment awarding plaintiff $7,839.46 for breach of contract. The contract, which was in writing and attached to and made a part of the complaint, was made on the seventeenth day of May, 1913, and appointed plaintiff the defendants' agent for the sale of its calculating machines, called the "Marchant," for a period of five years, with the privilege of renewing the contract for five years, and with the exclusive right of sale on commission in the state of California, save to certain designated firms, to which the defendants reserved the right to sell its machines. The contract contained a clause that the plaintiff would forfeit all rights under the contract if fifty sales were not made in the state of California during the first year of the agreement. On the third day of August, 1913, defendants notified plaintiff that they had sold their business to a corporation, and that the corporation would not accept the agreement between them and the plaintiff. On receipt of a letter from the corporation a few days later, the plaintiff with his attorney called at the office of the corporation, where he was told by some of the officers of the corporation that they would not proceed under the written contract, but that they would permit him to go on selling the Marchant machine and would pay him a commission on such sales as he made. Plaintiff accepted that arrangement upon the express understanding that by so doing he was not waiving his rights under the original contract. Before the repudiation of the written contract plaintiff had sold seven machines, for which he had received his commission in full

from defendants. .After the repudiation he continued to sell machines for the corporation until April, 1914, selling in all eleven machines, for which he was paid his commissions by the corporation. The evidence showed that between May 17, 1913, and May 17, 1914, eighteen machines were sold by plaintiff and twenty by the Marchant Company.

Appellants claim that as the contract provided that it should be forfeited if fifty machines were not sold within the first year, and as the combined sales of the plaintiff and the other agents of the corporation did not total fifty machines, the plaintiff's damages should have been limited to the loss of his commission for the first year of the contract. Inasmuch as the defendants repudiated their contract two months and one-half after it had been executed, they are estopped to claim the benefit of the forfeiture clause for the nonsale of fifty machines. (*Schiffman* v. *Peerless etc. Co.*, 13 Cal. App. 600, [110 Pac. 460].) Moreover, the fact that plaintiff continued to sell the Marchant machine after the repudiation of the contract by defendants, and that he did not sell the amount required in the forfeiture clause, is not proof that he would not have sold the requisite number had he been acting under the original contract as the exclusive agent, actively interested in the sale of that machine.

The contention that an allowance should have been made in mitigation of damages of profits made by plaintiff, after the breach of the contract, in the purchase and sale of a similar machine, known as the "Dactyle," is without merit. There was evidence to the effect that plaintiff purchased some Dactyle machines in Paris; that he was not the agent for the sale of the Dactyle machine, but merely purchased and sold them. But how much available capital he had to invest in the purchase of these machines, how many he purchased, or how many he sold, was not shown. In order to mitigate damages it was incumbent upon the defendants to introduce evidence from which plaintiff's profits in the sale of Dactyles could be estimated with some degree of certainty. While contracts between commercial agents and their principals embody many elements of uncertainty, the damages for breach thereof are not speculative or remote, and courts award such compensation as the evidence shows with reasonable certainty the wronged party is entitled to. (Suther-

land on Damages, sec. 69; *Wakeman* v. *Wheeler & W. etc. Co.*, 101 N. Y. 205, [54 Am. Rep. 676, 4 N. E. 264].)

It is further contended that in awarding damages the court did not take into consideration the difference between the entire commission for each sale and what it would cost the plaintiff to make the sale. While it does not appear what elements the court considered in ascertaining the amount of damages, there was nothing in the court's finding to show that these costs and expenses were not taken into consideration. The court found that by reason of defendants' breach of the contract plaintiff had been damaged in the sum of $7,839.46. It has been held that courts may find damages in a lump sum, and that any uncertainty in the findings is to be construed so as to support the judgment rather than to defeat it. (*Murphy* v. *Stelling*, 8 Cal. App. 702, 705, [97 Pac. 672]; *Foley* v. *Martin*, 142 Cal. 256, 261, [100 Am. St. Rep. 123, 71 Pac. 165, 75 Pac. 842].) The trial court had before it evidence of the sales made by the plaintiff and the defendants prior and subsequent to the breach of the contract from which it could form a judgment as to the amount of plaintiff's loss, and from the record before us we cannot say that the trial court erred in estimating the damages.

Judgment affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on July 19, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1918.