MOLLIE J. WATKINS ET AL., APPELLEES, v. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

FILED DECEMBER 26, 1918. No. 20254.

1. **Evidence:** VALUE OF CROPS. It is competent for a farmer who is actively engaged in raising farm crops to testify respecting their money value.

2. **Appeal:** CONFLICTING EVIDENCE. When the testimony conflicts on a material point, the verdict will not be disturbed unless clearly wrong.

3. **Trial: Instructions: Value of Crops.** In an action to recover the value of farm crops, destroyed by the alleged negligence of another, it is competent for the court to instruct the jury as to the value of such crops as shown by the undisputed testimony, leaving the jury free to determine by their verdict, from the evidence of the parties, whether defendant is liable for all or any part of such damage.

Appeal from the district court for Merrick county: George H. Thomas, Judge. *Affirmed.*

*Edson Rich, C. A. Magaw, Martin & Bockes* and *Thomas F. Hamer,* for appellant.

*Elmer E. Ross, contra.*

Dean, J.

Plaintiffs sued defendant to recover for damages to wheat and alfalfa crops said to have been destroyed by the negligent diversion of surface water to and upon their land by defendant in July, 1915. They recovered a verdict and judgment. Defendant appealed.

Defendant's railroad tracks run over a part of plaintiff's farm from the southwest to the northeast. The natural drainage of the land is in the same direction. A short distance west of the farm defendant maintains a 36-inch culvert under the railroad track to carry water from the south to the north side of the right of way. This culvert was installed to replace a twelve-foot bridge formerly at or near where the culvert is located. It is conceded that the rainfall in that vicinity was excessive in the months of June and July, 1915. Defendant admits the inadequacy of the culvert to permit the water to flow through when the rainfall is in excess of the normal, and also admits that it is responsible for part of the damage to plaintiffs' crops, but contends that it cannot "be determined what portion of the damages resulted from defendant's act and what part from causes for which it is not responsible."

Defendant argued that the natural rainfall in the vicinity caused land of the same general character

as plaintiffs' to become so wet that the crops could not be harvested, and on this is based the argument that it is not liable for all of the damage. On request of defendant the jury were instructed that if they found that damages were occasioned in part by defendant's negligence, "but were contributed to and in part occasioned by natural causes," it then became their duty "to ascertain from the evidence what proportion of the plaintiff's damage was occasioned by the negligence of the defendant, and you will allow the plaintiffs nothing for such damages as you may find were occasioned by natural causes."

On the cross-examination one of plaintiffs' witnesses testified respecting the overflow on plaintiffs' farm: "Q. The land on the north side of the track was water soaked, and the land on the south side of the track was water soaked? A. Not to the extent that this was where this water came over it, for there was a marked difference there. * * * In explanation I will say all the land around there had no actual water flowing on it from outside sources. It was cut with apparent ease that year. That is my experience." There was other testimony of like import. A civil engineer testified on the part of defendant that he was on the farm at the time, and that the low land in the vicinity that was subject only to natural rainfall was covered with water from six inches to a foot in depth, and that the wheat on such ground was not cut. The testimony conflicts, but it supports the verdict.

One of the plaintiffs is a practical farmer. He was the only witness called by plaintiffs to testify as to value. No objection was made as to competency. On the direct and on the cross-examination he testified that the value of the destroyed crops was "about $368." The verdict was for approximately that amount with interest added. Defendant argues that the verdict respecting the value of the crops that were destroyed was practically directed, and in any event was not

supported by sufficient evidence. It has been held by this court that a farmer who is actively engaged in the growing of crops is a competent witness to testify as to their value. *Anderson v. Chicago, B. & Q. R. Co.*, 84 Neb. 311. The evidence was clear and unequivocal on value and the defendant offered no testimony on this point.

The case seems to have been fairly submitted. Finding no reversible error, the judgment is

AFFIRMED.

LETTON and ROSE, JJ., not sitting.