[Sac. Nos. 5023, 5024 (Consolidated Cases). In Bank.—August 18, 1936.]

MARY STAUB, Respondent, v. A. MULLER, Appellant. (Two Cases.)

Rich, Weis & Carlin and K. S. Mahon for Appellant.

A. B. Reynolds and S. H. Jones for Respondent.

THE COURT.—These two actions were brought by plaintiff to recover for damage to land and crops caused by the flooding of her property, in the one case during the years 1929 and 1930, in the other during the year 1931. The causes were consolidated for trial, but separate judgments were entered against defendant, from which he has appealed.

Plaintiff and defendant owned adjoining forty-acre farming tracts in Sutter County crossed by a drainage ditch or natural swale which successfully drained plaintiff's land. Said land, during the period here involved, was devoted to the raising of alfalfa. About the year 1927 defendant, without plaintiff's consent, leveled and filled the ground where the natural drain crossed his territory and thereby deprived plaintiff's tract of adequate drainage and caused the overflowing of a number of acres. Shortly thereafter, by agreement with plaintiff, he excavated a ditch designed to afford sufficient drainage, but it became choked with weeds and proved to be inadequate. Later, in 1929, in the Superior Court of Sutter County plaintiff brought an action against defendant for mandatory injunction, and on January 7, 1930, she had judgment therein, decreeing that she had a vested easement in said drainage ditch wrongfully closed by defendant, directing defendant to forthwith remove all obstructions therefrom, and permanently enjoining him from interference with plaintiff's free use and enjoyment of her said drainage easement. Defendant failed to comply with the mandatory injunction. He asserted that he was prevented from entering his land by his tenant in possession, who did not wish the swale remade.

Finally on November 1, 1930, plaintiff entered into a written stipulation with defendant authorizing him conditionally to construct according to certain specifications and maintain in lieu of the closed drainage ditch another ditch adequate to serve its purpose, upon construction of which the injunction would be accordingly modified, with the proviso, however, that the new ditch must be constructed within thirty days or else the stipulation was to be of no force and effect and treated as if it had never been made. Defendant failed to construct the alternative ditch within said thirty-day period specified by the stipulation and although it was subsequently completed, it also became obstructed with

vegetation and debris and failed to provide adequate drainage for plaintiff's land.

Plaintiff's next move was to file a contempt proceeding against defendant for enforcement of the relief granted by her mandatory injunction. In said proceeding defendant claimed, and he still claims here, that the alternative ditch was in fact adequate, that it constituted a substantial compliance with the injunction and that plaintiff was and is estopped to rely on said thirty-day clause of the stipulation because she stood by without comment after the lapse of that period and permitted him to complete the construction of the new ditch. On December 22, 1931, at the conclusion of the contempt hearing, the court entered an order wherein it found that the alternative ditch was insufficient, that defendant's attempted performance of the stipulation was made in good faith but that nevertheless he failed to comply with its provisions, that therefore the stipulation had become null and void, the mandatory injunction of January 7, 1930, was in full force and effect, and defendant was in technical contempt of court for his failure to obey its mandates. Following recital of these findings, said order directed that defendant be relieved of punishment for said technical contempt and that the contempt proceeding be dismissed.

Plaintiff subsequently commenced the present actions for damages, numbered in the superior court 3964 and 4111, respectively. In case 3964 the amended complaint was filed on October 16, 1931. It set up the judgment of injunction and defendant's failure to comply therewith, and alleged that defendant's acts in obstructing the drainage had caused an accumulation of water upon a large area of plaintiff's land, thereby drowning out the stand of alfalfa thereon and making the land water-soaked, miry, sour and unfit for the growing of agricultural crops to plaintiff's damage in the sum of $2,000, and causing injury and loss to the 1931 alfalfa crop on approximately 25 acres to plaintiff's further damage in the sum of $500. In action 4111 the complaint was filed on May 13, 1932. It alleged that defendant's obstruction of the drainage resulted in an accumulation of water on plaintiff's land during the years 1929 and 1930, thereby preventing plaintiff from carrying on her usual and customary farming operations

during said years, drowning the alfalfa and making the land water-soaked, miry, etc., to plaintiff's damage in the sum of $5,000, injuring and destroying the 1929 crop of alfalfa to her further damage in the sum of $1,000, and the 1930 crop to still further damage in the sum of $1,000.

Issues were joined by the answers of defendant and the causes, consolidated for trial, were heard by the court sitting without a jury. The effect of the order of consolidation was to unite the actions so as to constitute but one cause of action. (*Stanton* v. *Superior Court*, 202 Cal. 478 [261 Pac. 1001]; 1 Cal. Jur., secs. 51, 52, pp. 373–376.) This disposes of defendant's contention that plaintiff should have joined in the 1931 action (No. 3964) her alleged causes of action for 1929 and 1930 injury.

The evidence on the subject of damages was in serious conflict. Defendant's witnesses indicated that no actual damage had been sustained by plaintiff. Plaintiff, on the other hand, adduced evidence showing that her property was normally adapted to the production of several crops of alfalfa each year but that during the years here involved some twenty acres were injured by flooding and the crop thereon was injured or partially lost. This conflict of evidence was resolved by the trial court in plaintiff's favor and similar, but separate, findings were made in each action.

In case 4111 the court found that by reason of defendant's obstruction of drainage, "large quantities of water accumulated upon said lands of plaintiff during the years 1929 and 1930 and in each of said years the alfalfa growing on plaintiff's said lands was injured and the plaintiff during said years was not able by reason of defendant's said acts to carry on her usual and customary farming operations on said lands. That by reason of said acts of defendant, plaintiff was damaged in the amount of $250 during the year 1929 and . . . $250 during the year 1930." The court also made a general finding that all of the allegations of plaintiff's complaint were true. Pursuant to these findings judgment was entered for plaintiff in the sum of $500, interest and costs.

In the other action, 3964, the court found in the identical language above referred to that plaintiff's alfalfa for the year 1931 was injured and that she was thereby damaged in

the sum of $250. However, in its conclusions of law the court inadvertently stated that plaintiff was entitled to judgment in the sum of $300, interest and costs, and judgment was thereafter so entered, instead of for said ascertained sum of $250. This $50 variance between the findings and the conclusions of law and judgment in case 3964 obviously resulted from clerical error or inadvertence. As the court specifically found that the damage to the crop was but $250, an order will be hereinafter made reducing the $300 judgment to conform to that finding and the variance will be disregarded in the discussion which follows.

■ Appellant contends that the amended complaint in action 3964 failed to state a cause of action in that it merely charged violation of the mandatory injunction—a contempt of court—instead of alleging a cause of action for damages occasioned by the closing of the ditch. The contention is without merit. While the pleading does set forth the terms of the injunction and defendant's noncompliance therewith, the charging paragraph clearly alleges an action for damages resulting from obstruction of the drainage ditch. The gravamen of the charge is not violation of the injunction but damage due to defendant's obstruction of drainage, with resultant overflowing of the land.

■ On trial of this action the judgment roll in the injunction suit and that of the contempt proceeding were received in evidence for the limited purpose of showing the presence or absence of damage to plaintiff's property by virtue of the overflowing thereof. It was proper to receive this evidence for said limited purpose only. The injunction judgment and contempt order had become final when this cause came to trial in April, 1934, and the question of whether plaintiff was estopped to deny performance of the stipulation and rely upon the injunction was a closed issue.

■ Appellant asserts that the findings are contradictory and uncertain in that the court adopted general findings to the effect that all of the allegations of the complaints were true, which should be deemed to include the inference that plaintiff was damaged to the extent therein alleged, and at the same time made specific findings, as above quoted, setting the aggregate damage suffered in each year at $250.

The general finding will yield to the specific findings and be disregarded. (*Fritz* v. *Frost,* 114 Cal. App. 602 [300 Pac. 454]; *Turner* v. *Turner,* 187 Cal. 632 [203 Pac. 109].) The evidence amply supports the specific findings, which, in turn, support the judgment.

■ Appellant contends that the court should have found separately upon the two elements of damage alleged in each complaint, i. e., (1) damage to freehold and (2) damage to crop, instead of lumping the damage in one sum. Appellant argues that he is entitled to know how much, if any, the land was damaged in the market in any given year because such damage, once paid could not be again assessed for subsequent years. At the trial appellant made no request for segregation of the items of damage. In the absence of such request, it was not absolutely necessary that the findings should contain the segregation (*Foley* v. *Martin,* 142 Cal. 256 [71 Pac. 165, 75 Pac. 842, 100 Am. St. Rep. 123]; *Weisshand* v. *City of Petaluma,* 37 Cal. App. 296, 310 [174 Pac. 955]), and any uncertainty in said findings will be construed so as to support the judgment, rather than defeat it. (*Erskine* v. *Marchant,* 37 Cal. App. 590 [174 Pac. 74].) However, as we read the findings here, the award covered but one element of damage, i. e., injury to the crop. No finding of damage to the freehold was made. The language of the findings, as to each year, is merely that "the alfalfa growing on plaintiff's said lands was injured and the plaintiff during said year was not able by reason of defendant's said acts to carry on her usual and customary farming operations", whereby she was damaged in the sum of $250. These findings are sufficiently certain as to the nature of the award and they are supported by evidence to the effect that there was no damage to the freehold but merely injury or partial loss of the crop. Appellant is in no position to complain at this late date of the lack of a specific finding with respect to the presence or absence of damage to the freehold, as the failure to find that the freehold was damaged inures to his benefit and not to his prejudice.

■ Lastly appellant contends that the trial court adopted an incorrect measure of damages. The record does not reveal the precise manner in which the court arrived at the figure of $250 for each year. There was, however,

substantial evidence of injury or loss of seven to ten acres of alfalfa and evidence that during the period in question the market price of alfalfa in the vicinity was from $12.50 to $15 per ton in shocks in the field. There was likewise evidence showing the gross market price of alfalfa and the cost of producing, harvesting and baling same. Accepting the minimum number of acres of alfalfa said to be injured and the minimum market price quoted in the record, and applying as the measure of damages the local market value of the crop less cost of production and marketing, it is apparent that the amount of damages fixed by the trial court has sufficient support in the record. On the trial both court and counsel proceeded upon the theory that the above-mentioned rule for measuring damages was properly applicable here. No evidence was adduced as to rental value of the land and no foundation was laid for measuring the damages by the rule which appellant now asserts should have been invoked, that is, that the measure of damages was the difference in rental value of the property with and without the crop thereon.

The authorities note a distinction between the proper measure of damages for the destruction of a perennial crop, such as alfalfa, and the measure for destruction of such crops as vegetables and grain, which require annual planting. (*Miller & Lux* v. *Pinelli*, 84 Cal. App. 42, 47 [257 Pac. 573]; *Anderson* v. *Chicago etc. Co.*, 84 Neb. 311 [120 N. W. 1114, 133 Am. St. Rep. 626]; *Thompson* v. *Chicago etc. Co.*, 84 Neb. 482 [121 N. W. 447, 23 L. R. A. (N. S.) 310].) Both in this state and elsewhere there is more or less confusion on the subject of the correct method of estimating such damages. In 8 Ruling Case Law, section 27, page 379, it is said: "The question as to the measure of damages for the destruction of a perennial crop is one presenting so many phases and conditions which may affect the result one way or another, that, even aside from the conflict of opinion among the decisions, it is practically impossible to formulate a general rule by which all cases may be governed." (See, also, 140 Am. St. Rep., note, p. 309 et seq.)

We gather that where there has been a total destruction of a perennial crop, such as alfalfa, akin to destruction of pasturage, grazing land or meadow, the better rule for

measuring damages may be that relied upon by appellant, but where, as here, the court merely finds that the "alfalfa . . . was *injured*" and plaintiff was unable to carry on her usual and customary farming operations, the rule applied by the trial court would seem to be an approved measure of damages. See on this subject: Civ. Code, sec. 3333; *Strecker* v. *Gaul,* 35 Cal. App. 619 [170 Pac. 646]; *Teller* v. *Bay etc. Co.,* 151 Cal. 209 [90 Pac. 942, 12 Ann. Cas. 779, 12 L. R. A. (N. S.) 267]; *Chrisman* v. *Southern Cal. Ed. Co.,* 83 Cal. App. 249, 273–276 [256 Pac. 618]; and cases therein cited; *Catlett* v. *Bennett,* 37 Cal. App. 91 [173 Pac. 598]; 8 R. C. L., secs. 26–31, pp. 378–382; Sutherland on Damages, 4th ed., vol. 4, sec. 1023, pp. 3798 et seq., and sec. 1049, pp. 3892 et seq.; *Lowe* v. *Yolo etc. Water Co.,* 157 Cal. 503 [108 Pac. 297]; 26 Cal. Jur., sec. 798, p. 557; 8 Cal. Jur., secs. 31–33, pp. 716–720, and sec. 76, p. 819. Notwithstanding the conflict of authority and the difficulty of estimating damages in these cases, the decisions are in complete agreement upon one proposition and that is, that "compensation for the real injury is the purpose of all remedies". (8 R. C. L., sec. 26, p. 378; 140 Am. St. Rep., note, p. 309.) From the record in this case we cannot but conclude that the court, in fixing the damages, named an amount which, as nearly as it is possible to ascertain, will fairly compensate plaintiff for the actual injury suffered. That we are correct in this statement is indicated by the remarks of the trial court in denying motion for new trial, quoted in appellant's opening brief. Said expression of the trial court, of course, constitutes no part of the record on this appeal, but it may be referred to as an indication of the process by which he computed the damage. (*Union Sugar Co.* v. *Hollister Est. Co.,* 3 Cal. (2d) 740, 749, 750 [47 Pac. (2d) 273].) The trial court said: "Counsel for plaintiff appear to me to have an exaggerated idea of the amount of damages which should have been awarded in these two cases. It might be said that there is a conflict of evidence out of which might arise a serious question as to whether in any event plaintiff would be able to recover more than nominal damages at the best. However, the attitude of the defendant in connection with the whole matter has been such that any uncertainty as to the amount of damages, if there be such

uncertainty, should be resolved against him. In the first instance, I figured the damages very carefully, having in view a full knowledge of the circumstances gained from the evidence presented in the cases, a view of the premises and a practical lifetime knowledge of the situation existing in such matters as have arisen in this case. Having, however, determined that damages had accrued, and having very carefully, after taking into consideration all of the facts and circumstances, figured the damages from a standpoint which I believed was entirely fair to both parties, I am of the conclusion that the judgment as rendered should stand.''

It is also our view that the judgment as rendered should stand and that there are no further questions which merit particular discussion.

The judgment in superior court case No. 3964, involving damages to plaintiff's alfalfa crop for the year 1931, is modified to conform to the finding of fact which was adopted by the trial court fixing damage during that year at the sum of $250. As so modified said judgment is affirmed. The judgment in the other case, No. 4111, is affirmed. Plaintiff is to recover costs on each appeal.