Filed 11/19/20  P. v. Clemons CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RODNEY DARNELL CLEMONS,<br><br>    Defendant and Appellant. | B300923<br><br>(Los Angeles County<br>Super. Ct. No. YA052497-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Deputy Attorney General, and Lynne G. McGinnis and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Rodney Darnell Clemons (defendant) appeals the trial court's summary denial of his motion for relief under Penal Code section 1170.95.[1]  We conclude there was no error, and affirm.

## FACTS AND PROCEDURAL BACKGROUND

I.     **Facts**[2]

A.     *The underlying crime*

On July 23, 2002, Yannick Carraway (Carraway) got into a fist fight with a woman because the woman's husband—Andre Fisher (Fisher)—got Carraway's friend pregnant.  When Carraway lost the fist fight, she left the scene and picked up defendant, who was her cousin.  Carraway, defendant and others returned to the scene of the first fight, where Carraway once again got into—and once again lost—a second fist fight with the woman.  Incensed, Carraway told defendant, "I didn't bring you here to fight [Fisher] . . . Do what I brought you here to do.  Kill him."  When defendant pulled out a gun and started walking toward Fisher's front door, Carraway urged him on, "Do it . . . Come on, come on, do it.  You better do something."  When Fisher came to the door, defendant shot Fisher four times.  Fisher died from the gunshot wounds.

B.     *Prosecution, conviction and appeal*

The People charged defendant with Fisher's murder (§ 187, subd. (a)), and further alleged that he personally and

---

1      All further statutory references are to the Penal Code unless otherwise indicated.

2      We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction.  (*People v. Clemons* (Aug. 25, 2004, B169077) [nonpub. opn.].)

intentionally discharged a firearm that proximately caused great bodily injury or death within the meaning of section 12022.53, subdivision (d).[3] A jury found defendant guilty of second degree murder and found true the firearm allegation.

The trial court sentenced defendant to prison for 40 years to life.

Defendant appealed his conviction and we affirmed in an unpublished opinion.

## II. Procedural Background

On or about June 13, 2019, defendant filed a petition seeking resentencing under section 1170.95.[4] In the form petition, defendant checked the boxes for the allegations that he had been charged with murder, that he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that his murder conviction would be invalid under the "changes made to Penal Code § 189, effective January 1, 2019" (because, among other reasons, he "was not the actual killer"). He also requested the appointment of counsel.

---

[3] The People further alleged that defendant "personally inflicted great bodily injury" upon Fisher (§ 12022.7, subd. (a)), but the minute order reflecting the jury's verdict does not speak to the jury's finding (or lack of finding) regarding this allegation.

The People also charged Carraway with murder, but the jury hung on that count.

[4] Defendant simultaneously filed a petition for a writ of habeas corpus to dismiss the firearm enhancement pursuant to Senate Bill 620. The trial court summarily denied that petition on the ground that Senate Bill 620 did not apply to final convictions. The propriety of that ruling is not before us.

On June 21, 2019, the trial court summarily denied defendant's petition. The court explained that defendant was "not entitled to relief . . . under section 1170.95 as a matter of law" because "[a] review of the court file"—and, specifically, the jury's "finding [that] . . . defendant intentionally and personally discharged a firearm"—"reveals that defendant was the actual killer."

Defendant timely appealed this denial.

**DISCUSSION**

Defendant argues that the trial court erred in summarily denying his section 1170.95 petition. Because the trial court's rationale for summarily denying relief turns on questions of statutory construction and the application of law to undisputed facts, our review of the trial court's ruling is de novo. (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

A person filing a petition under section 1170.95 is entitled to the appointment of counsel, the opportunity for further briefing and a hearing if, in his petition, he "makes a prima facie showing that he . . . is entitled to relief" under that section. (§ 1170.95, subds. (c) & (d); *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598 (*Lewis*); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted Mar. 18, 2020, S260493 (*Verdugo*).) A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of . . . second degree murder following a trial," and (3) he "could not be convicted of first or second degree

4

murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) A person may be convicted of murder, even after the 2019 changes to sections 188 and 189, if he "was the actual killer." (§ 189, subd. (e)(1).) A "'prima facie showing is one that is sufficient to support the position of the party in question.'" (*Lewis*, at p. 1137, quoting *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.)

Where a defendant in his petition alleges each element necessary to make out a prima facie case for relief under section 1170.95, a trial court evaluating whether a defendant has made a prima facie showing in a section 1170.95 petition is not required to accept those allegations at face value and may also examine the record of conviction. (*Lewis*, *supra*, 43 Cal.App.5th at p. 1138; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-900, 908-909, review granted Aug. 12, 2020, S263219 (*Tarkington*); *People v. Drayton* (2020) 47 Cal.App.5th 965, 968 (*Drayton*); *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481 (*Edwards*); *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011 (*Torres*).) However, the contents of the record of conviction defeat a defendant's prima facie showing only when the record "show[s] *as a matter of law* that the petitioner is not eligible for relief." (*Lewis*, at p. 1138, italics added; *Verdugo*, at p. 333; *Torres*, at p. 1177; *Drayton*, at p. 968; see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 (*Cornelius*) [record must show defendant is "indisputably ineligible for relief"].)

Here, the trial court correctly concluded that defendant did not make out a prima facie case for relief because the record of conviction establishes, as a matter of law, that he is not eligible

for relief. That is because the jury found defendant guilty of second degree murder, and further found true that defendant personally used a dangerous or deadly weapon in committing the offense. The jury's findings of fact necessarily label defendant as the "actual killer" and hence ineligible for relief under section 1170.95. (E.g., *Cornelius*, *supra*, 44 Cal.App.5th at p. 58 [so holding]; *Tarkington*, *supra*, 49 Cal.App.5th at pp. 899, 910 [same].)

Defendant resists this conclusion with what boil down to two arguments.[5]

First, he argues that the trial court erred in not accepting his allegation that he was "not the actual killer," even though the jury at his trial found that he *was*, because section 1170.95's plain language prohibits trial courts from summarily dismissing petitions even if prior jury findings foreclose relief under section 1170.95 as a matter of law. In his reply brief, defendant adds that section 1170.95's legislative history supports his position because our Legislature opted not to include language explicitly authorizing summary denials despite a request made to the bill's author to include such language. In so arguing, defendant acknowledges that he is asserting that *Lewis*, *Verdugo*, *Cornelius*,

---

[5]    Defendant also makes a third argument—namely, that the trial court did not "cite to anything in the record of conviction that could unequivocally contradict [defendant's] allegations in his petition" and thus impermissibly "drew its own conclusion[]" from the record. This argument misstates the basis of the trial court's ruling because the trial court cited to the jury's finding (not its own) that defendant "intentionally *and personally* discharged a firearm" causing death, and this jury finding "unequivocally contradict[s]" defendant's allegation that he was not the actual killer.

6

*Drayton*, *Edwards*, *Torres* and *Tarkington* are all "incorrect[]."
These decisions have rejected every argument defendant now
advances, including his legislative history-based argument.
(*Tarkington*, *supra*, 49 Cal.App.5th at pp. 904-905.) Although our
Supreme Court has granted review in *Lewis*, *Verdugo*, *Cornelius*,
*Edwards*, *Torres* and *Tarkington*, we continue to find them
persuasive unless and until the Supreme Court rules otherwise.

Second, defendant argues that the trial court's denial of his
petition without seeking further briefing from the parties or
appointing counsel for him violates due process because it (1)
contradicts section 1170.95's text requiring those steps to be
taken once a defendant makes a prima facie showing for relief,
and (2) otherwise denies him the right to counsel he is
constitutionally guaranteed once he makes a prima facie showing
for post-conviction relief. We reject each of these arguments.
Although due process prohibits the arbitrary denial of procedures
mandated by state statutes (e.g., *Hicks v. Oklahoma* (1980) 447
U.S. 343, 344-346; *Kentucky Dep't of Corrections v. Thompson*
(1989) 490 U.S. 454, 462), we have construed section 1170.95 not
to require further briefing or the appointment of counsel when
the record of conviction unequivocally demonstrates that
defendant is ineligible for relief notwithstanding his allegations
to the contrary. Thus, there is only a due process violation if our
construction of section 1170.95 is incorrect; unless and until the
Supreme Court tells us otherwise, we think our construction of
section 1170.95 is correct. Defendant's right-to-counsel-based
argument fails for the same reason: Although a defendant is
entitled to the appointment of counsel when pursuing post-
conviction relief if he makes allegations supporting a prima facie
showing of entitlement to relief (see *People v. Shipman* (1965) 62

7

Cal.2d 226, 232 ["in the absence of adequate factual allegations stating a prima facie case, counsel need not be appointed either in the trial court or on appeal from a summary denial of [post-conviction] relief in that court"]; *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 979-981 [same]), a defendant whose allegations are unequivocally foreclosed by the record of conviction has not made that prima facie showing and is thus not entitled to counsel. (Cf. *People v. Rodriguez* (1998) 17 Cal.4th 253, 256-258, superseded on other grounds, § 1192.7 [defendant is entitled to counsel after he has shown himself eligible for possible resentencing].)

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST